# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL B. ATTIA, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 23-00454-KD-B |
| DAVID JACKSON, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Joel B. Attia, who is proceeding *pro se*, filed a complaint, motion to proceed without prepayment of fees, and "motion to freeze all accounts in Mississippi Southern until we straighten out this mess." (Docs. 1, 2, 3). Attia's complaint and motions have been referred to the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S).

Upon review of Attia's motion to proceed without prepayment of fees (Doc. 2), the undersigned **grants** the motion. Having reviewed Attia's complaint, the undersigned recommends, for the reasons that follow, that Attia's complaint be **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and that his motion to freeze all accounts be denied as **moot**.

I. **STANDARDS OF REVIEW**

Because Attia is proceeding *in forma pauperis*, his complaint must be reviewed under 28 U.S.C. § 1915 (e)(2)(B). A claim may be dismissed under § 1915(e)(2)(B)(i)[1] as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim may be frivolous on either factual or legal grounds. Id. at 327. Claims that describe "fantastic or delusional scenarios" are factually frivolous, while claims based on "indisputably, meritless legal theor[ies]," such as those against defendants who are immune from suit or those based on violation of a legal right that does not exist, are legally frivolous. Id. at 327-28. When reviewing a complaint for factual frivolity, § 1915(e) accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain

2

an action." GJR Investments v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard).

II. **DISCUSSION**

Plaintiff Joel B. Attia, a serial *pro se* filer,[1] commenced this action against several individuals, all of whom are allegedly located in the Southern District of Mississippi: "David Jackson"; "Trent Lott Jr."; "Jerry Minchew"; "Paul Re'Ally"; "Steve (Doe) Havard"; "Thomas (Doe) Dutton"; "Delilah Sayer"; "Jane Doe Rina Ruiz"; "Kim Versage"; "Randy Neil"; "Chad Hutchinson"; and "Matt Flaungham." (See Doc. 1).

In his form complaint, Attia describes this action as "wrongful deaths & clean up of lights replace fuse". (Doc. 1 at

---

[1] Attia's extensive litigation history indicates that he is a vexatious litigant who consistently files frivolous actions without a good faith basis of prevailing. Indeed, Attia is prohibited from filing new lawsuits in the Southern District of Mississippi without first obtaining prior approval from a judge of that court. See Attia v. Martin, 2021 U.S. Dist. LEXIS 122376, at *3, 2021 WL 2682240 at *2 (S.D. Miss. June 30, 2021) (finding that Attia had filed at least thirteen lawsuits, some of which alleged the Defendants surgically implanted a super-computer inside his abdomen).

3

4). He seeks "800 Billon dollars out of Mississippi Police Fratern or orther." (Id.). In hand-written sheets attached to the form complaint, Attia asserts, in part:

> Now he has hogskins lymphoma, my other cousin they used a winch with small wire to hang him and his head fell off or was torn off, Also they killed my daughter, Deliah called her with Randy Niels car and kidnapped her, I happen to see them and got her back after that time. He was the one with some more cops that rolled out a nail line making her wreck them Jeff (Doe came with a truck and turned her over, but Jesus would not let her die. Now Delilah called her and Kim Versace, Lott Jr. Randy Neil (Doe) said and we got multiple calls that night. She called her. My daughter thanks to Randy Neil, Jerry Minchew, Thomas Stringfellow Dutton (Doe) Steve Havard (Doe) paul Re'ally who got me two drivers liscense has stole them both back all these told my daughter to steal the keys to my Brothers SUV (flat tire) and to come go with them to the Fair, to bring the two girls so clothes and jewelry, and make up she always does as she is told so, Paul Re'ally took the keys drove them to the long two Bridges on I-10 and drown her with Randy (Doe) Neil and the others. Now they are threatning to dig her up. They killed a Black woman with a shot and she had a heart attack. First they killed her son with Kettamine took him to the Hospitial David Jackson has the doctors puting in things they don't need to make money. He also killed my uncle Danny Byron, Evette McIriss, and many more I know of.
>
> This Fertarnity of police are putting Breakers that they have in schools, churchs, houses and they make money putting child porn on the satilites, trump held down the planes and economy until Nvidia Corp. to put two million up in the sky, But they need to come down. This sutff Nvidia (Envey) Corp. That is what the name means and they are three of them, but Jenzen is the CEO. He did not patent his Breakers because they are weapons and with low frequency kill and hurt children as well as

4

adults.  I am going to sue Nvida Corp. for everything they got, and fix it.  A prophet prophaside over my head that the Devil wanted me in prison or dead, but God said no that he would heal the land through me. I cannot die and a lot of Mississippi Police have tried so hard.  The guns, Bows, Bombs and liguid draino that has ate my stomach up, but Jesus gets all the glory he has took care of me. . .[2]

(Id. at 3-4).

Attia's assertions set forth above, as well as the remaining assertions contained in his complaint are rambling, nonsensical and wholly lacking in any arguable law or fact.  As noted *supra,* Attia is a serial filer who has sought to sue many of the named Defendants before.  For instance, in Attia v. Martin, 2023 U.S. Dist. LEXIS 125727, 2023 WL 4675980 (S.D. Ala. June 26, 2023), report and recommendation adopted, 2023 U.S. Dist. LEXIS 125018, 2023 WL 4674299 (S.D. Ala. July 20, 2023), Attia sought to sue Defendants Randy Neil and Paul Re'ally and others, and alleged that Neil put some of his Aids infested blood in him, that he had to have surgery as a result, that during surgery, the doctors placed foreign objects inside him that emitted a low frequency, and that they used a Nvidia Corporation laptop to watch him die.

---

[2] Unless otherwise indicated by brackets, quoted language from Attia's filing is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

5

Upon review, the Court determined that Attia's complaint was due to be dismissed because his allegations were factually frivolous in that they described fantastic or delusional scenarios.

Attia's assertions in the instance case are likewise frivolous. As set forth above, Attia's complaint consists of many rambling and nonsensical assertions regarding the alleged circumstances surrounding the death of his daughter and many others, and law enforcement's use of "low frequency" technology from Nvidia Corporation to spy and kill individuals. (Id. at 3-5). Because Attia's allegations are factually frivolous and wholly lack any arguable basis in law or fact, his complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). See Attia v. Patel, 2021 U.S. Dist. LEXIS 92669, at *2, 2021 WL 12166611, at *1 (S.D. Ga. April 8, 2021) (citation omitted) (plaintiff's allegations that his landlord allowed others to place equipment in the house plaintiff was renting were "transparently frivolous and should be dismissed as they lack[ed] 'an arguable basis in law or fact'"), report and recommendation adopted, 2021 U.S. Dist. LEXIS 92091, 2021 WL 12166607 (S.D. Ga. May 14, 2021); see also Hogan v. Georgia, 812 F. App'x 975, 976 (11th Cir. 2020) (per curiam) (district court did not abuse its discretion in

dismissing as "patently frivolous" the plaintiff's "wildly implausible" claim that he had been implanted with an experimental tracking device or that the defendants had conspired to implant such a device); Gary v. U.S. Govt't, 540 F. App'x 916, 918 (11th Cir. 2013) (per curiam) ("We conclude from the record that the district court did not abuse its discretion in dismissing [the] complaint as frivolous, as a review of the complaint shows that [the plaintiff's] allegations were irrational and wholly incredible."); Hutchison v. Live Well Counseling, 2021 U.S. Dist. LEXIS 159382, at *3, 2021 WL 3714006, at *2 (N.D. Ga. July 26, 2021) (dismissing a plaintiff's complaint alleging that co-workers implanted him with a microrobot and conspired to murder him), appeal dismissed, 2022 U.S Dist. LEXIS 4941, 2022 WL 518451 (11th Cir. 2022).

A *pro se* litigant is typically afforded at least one opportunity to amend his pleadings. Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); see also Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so

7

requires"). The Court, however, is not obligated to permit an opportunity to amend when a claim is patently frivolous. Nezbeda v. Liberty Mutual Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam) ("The district court may dismiss a plaintiff's claims sua sponte—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous."); Gary, 540 F. App'x at 918 ("[W]e conclude that the district court did not abuse its discretion by not affording [the plaintiff] an opportunity to amend her complaint because any amendment would have been futile, as none of [the plaintiff's] allegations are credible or rational."). Given Attia's nonsensical allegations and his history of frivolous filings, he should not be afforded leave to file an amended complaint.

### III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Attia's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and his "motion to freeze all accounts in Mississippi Southern until we straighten out this mess" be denied as **moot.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **April, 2024.**

/s/ SONJA F. BIVINS     
**UNITED STATES MAGISTRATE JUDGE**